IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20239
Summary Calendar

_____

GENE MERKLING ET AL.,

Plaintiffs,

GENE MERKLING,

Plaintiff-Appellant,

ALBERT THOMAS,

Movant-Appellant,

versus

WAYNE SCOTT ET AL.,

Defendants,

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

Defendant-Appellee,

ZELL MILLER ET AL.,

Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-4824
- - - - - - - - - -

March 16, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

_____

   [1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

Gene Merkling, Texas prisoner # 409832, appeals the district court's grant of summary judgment dismissing his and eight other inmates' 42 U.S.C. § 1983 action. Merkling argues that 1) the prison intentionally overcrowds inmates by housing two inmates in a single cell; 2) the prison clothes are women's clothing and wearing them violates Merkling's right to freedom of religion; 3) he suffers a serious risk of harm from having to share a cell with an assaultive inmate; 4) the serving of Vita Pro by the prison is cruel and unusual punishment; 5) prison officials retaliate against Merkling for filing grievances; 6) Texas law which impose a $3 charge for each visit to the prison doctor violates Merkling's Eighth Amendment right to free medical care, and Texas law imposing a sales tax on the sale of food items to prisoners violates the Equal Protection Clause; and 7) female prison officers are being discriminated against by not being promoted.

We review the district court's grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Merkling fails to show that a material fact exists which would entitle him to § 1983 relief with any of the claims he raises. The district court's grant of summary judgment dismissing Merkling's

R. 47.5.4.

suit was proper, and the summary judgment of the district court is AFFIRMED.

Albert Thomas, a Georgia prisoner, appeals the district court's denial of his motion to intervene and to have himself and 40 Georgia prisoners joined in Merkling's suit and the summary judgment dismissing Merkling's suit. The dismissal of Merkling's suit has no effect on Thomas being able to raise his claims in Georgia, and Thomas was not entitled to an intervention as of right. See New Orleans Public Service v. United Gas Pipe Line, 732 F.2d 452, 463 (5th Cir. 1984)(en banc). Nor did the district court abuse its discretion in denying a permissive intervention. Id. at 470-71. Thomas is not a party to Merkling's suit, and Thomas has no standing to appeal the summary judgment. See Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc., 32 F.3d 205, 208 (5th Cir. 1994). Accordingly, the denial of the motion to intervene is AFFIRMED, and Thomas's appeal of the summary judgment is DISMISSED.

Both Merkling's and Thomas's motions for the appointment of counsel are DENIED. Thomas's other motions are DENIED.